ALBANY,
October, 1829.

Lawrence
v.
Bush.

---

*Where a plaintiff pays costs to a defendant for not proceeding to trial at a circuit court pursuant to notice, he cannot afterwards charge the defendant with the plaintiff's costs of that circuit, though he subsequently obtains a verdict.*

J. McKown, for plaintiff.

S. S. Lush, for defendant.

---

## LAWRENCE vs. BUSH, administratrix, &c.

MOTION to strike out plea of *puis darrein continuance.* This suit was commenced at the last May term. The declaration contained the common counts for goods, wares and merchandizes, sold and delivered the intestate in his life time. The defendant pleaded the general issue and *plene administravit præter,* $80. The plaintiff replied, admitting the truth ed admitting the truth of the second plea, praying judgment, &c. a plea *puis darrein continuance,* setting forth a judgment confessed by the administratrix in a suit commenced, since the action in which the plea is interposed was at issue and noticed for trial, will be received and considered good.

*After an administratrix has pleaded the general issue and a plea of plene administravit præter a certain sum, and the plaintiff in the action has replied*

of the second plea, praying judgment of the $80, in part sat-isfaction of his damages, and for the residue to be levied of the goods and chattels, &c. *quando acciderint ;* but staying such judgment until the trial and determination of the issue between the parties. A notice of trial was then served for the Monroe circuit, which commenced on the 31st day of August. On the second day of the circuit the plaintiff was served with a plea of *puis darrein continuance,* setting forth a judgment obtained in this court at the last August term, by one C. B. Hamilton, against the defendant as administratrix, &c. for $134,89, averring that the defendant had fully admin-istered, &c. except as to $80, and that such sum was not sufficient to satisfy such judgment, &c. The capias in the suit of Hamilton was returnable at the last August term ; it was issued after the plaintiff in this cause had replied to the plea of *plene administravit præter,* and had given notice of tri-al for the Monroe circuit, and the judgment set forth in the plea *puis darrein* was obtained on a *cognovit* given by the de-fendant on the 31st day of August.

*S. B. Jewett,* for plaintiff, insisted that the defendant, in the suit of Hamilton, should have plead her former plea of *plene administravit* except as to the $80, and as to that sum that she had confessed it in a former action. He cited 1 Salk. 310 ; Dougl. 452 ; 1 Saund. 334, n. 8.

*W. Groves,* for defendant.

*By the Court,* MARCY, J. An executor's or administra-tor's hands are tied by a suit as to *paying* debts of equal de-gree to that on which the suit is commenced ; but he may *confess a judgment.* This is justly deemed an anomaly in the law, and courts have been called on to explain the reason of of it. This is done by Lord Ellenborough, in the case of *Tolputt* v. *Wells,* (1 Maule & Selwyn, 395.)

The suit ties up the hands of the administrator or execu-tor, who cannot accelerate the proceedings in it, nor can the creditors of the intestate generally, who are interested in the administration going forward, do any thing to advance it. Courts therefore allow of the confession of a judment to

relieve the executor or administrator from a situation embarrassing to him and injurious to the creditors.

But a creditor is not to be deprived of the fruits of his diligence; and he can secure them, it is said by Le Blanc, justice, in the case cited from Maule & Selwyn, by compelling the executor or administrator to plead; and if time is asked for that purpose, it is given only on condition of not confessing judgment. This condition is imposed because the law entertains a jealousy that the right to confess judgment may be improperly used. The remark of Le Blanc seems to imply, that if the executor does plead, he cannot afterwards confess a judgment; but Bayley, J., in the same case, is more explicit on this point. He says, " An executor may indeed, pending an action against him by one creditor, confess a judgment to another in equal degree, *provided he do it before he is compelled to plead to the action;* because up to that exent the law allows him to give a preference."

Where the administrator pleaded *plene administravit* except £48, and to another action pleaded *plene administravit præter* the same sum, and as to that sum that he had confessed it in another action in a plea at the same term, such latter plea was allowed to be good. (*Waters* v. *Ogden,* Dougl. 452.) In the case of *Prince* v. *Nicholson,* (5 Taunton, 333, 665,) the court, with considerable difficulty, brought themselves to decide in favor of a plea *puis darrein continuance* by an exec-utor, (after he had pleaded the general issue,) setting up judgments recovered since the general issue pleaded, and in suits commenced subsequent to that in which the plea was put in. Ch. J. Gibbs considered it a forcible objection that a judgment recovered in an action commenced since the beginning of the plaintiffs suit could not be pleaded; but he obviated the objection by adverting to the hardship to which the executor would be exposed by disallowing the plea.

So far as the case in Maule & Selwyn is an authority against allowing an executor to plead *puis darrien continuance* a judgment recovered after he had pleaded the general issue, it is overruled by the case of *Prince* v. *Nicholson.* Ch. J. Gibbs stated that it did not appear whether the judgments pleaded *puis darrien continuance* in that case were recovered

ALBANY,
October, 1829.

Lawrence
v.
Bush.

ALBANY,
October, 1828.

by *nil dicit, confession* or *after verdict.* If by confession it was a case like this ; but whether by confession or otherwise, the court considered the same principle applicable.

The reasons for allowing a plea like that under consideration, on reflection, will be found to be more satisfactory than they appear at first view. The administratrix in this case may have felt it her duty to put the plaintiffs to the proof of their demand, and she may have been satisfied with the justice of that for which the second suit was brought. She could not plead, as the defendant did in the case of *Waters* v. *Ogden,* that she had administered all but the eighty dollars, and that she had confessed that sum in this suit, because she had pleaded the general issue as well as the plea of *plene administravit præter.* She could not forbear to plead, because a default might have been taken against her, and that would have been an acknowledgement of assets. (*Platt* v. *Robins,* 1 Johns. C. 276.) This view of the situation of the administratrix induces me to approve of the principle of the case of *Prince* v. *Nicholson,* and to apply it to the case before us.

This question should have been presented by pleading, and not on motion ; but having examined it, we shall dispose of it on this application.

Motion denied.